857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald KIMBERLY and John Martin, Plaintiffs-Appellees,
v.
COASTLINE COAL CORPORATION, Defendant-Appellant.
 No. 87-6199.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, CARL B. RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal arises out of litigation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Secs. 216(b) and 203(d). The plaintiffs sued defendants Coastline Coal Corporation (Coastline) and Howes Coal Company (Howes) for unpaid wages and overtime. There was also a pendent state claim for breach of an employment contract. Plaintiffs ultimately prevailed and were awarded a money judgment. In addition, the court awarded attorney's fees as is authorized by the Fair Labor Standards Act. Coastline appeals from the award of attorney's fees only. Although Coastline does not contest that attorney's fees were appropriately awarded, it does contest the amount and the fact that the fees were awarded without an evidentiary hearing.
 
 
 2
 Upon a review of the record, we conclude that it is necessary to remand for further proceedings.
 
 I.
 
 3
 This litigation was instituted on May 22, 1985, and was assigned to Judge Unthank. Due to Judge Unthank's illness, the case was reassigned on September 16, 1986, to Judge Wilhoit. On April 8, 1987, Judge Wilhoit entered a default judgment only against defendant Howes. The judgment also provided that within thirty days the plaintiff should file a motion and affidavit for reasonable attorney's fees.
 
 
 4
 The balance of the case, now only against Coastline, was set for trial on April 29, 1987. Before the case could be tried, however, it was reassigned to visiting Judge Thomas Wiseman, with a new trial date of April 21, 1987. The case was tried before a jury, and Judge Wiseman, at the conclusion of all the evidence, granted plaintiffs a judgment on their Fair Labor Standard Act claims but sent the pendent state claim to the jury. The jury returned a verdict in favor of Coastline on this claim.
 
 
 5
 After trial, on May 8, 1987, plaintiffs filed their motion for attorney's fees against Howes pursuant to the earlier default judgment. Although the motion was only directed at Howes, defendant Coastline mistakenly thought it was also directed at it and filed objections on May 18, 1987. By this time, Judge Wiseman had returned to his own court in Tennessee and Magistrate Hood handled routine matters in his absence. On May 22, 1987, Magistrate Hood entered an order indicating that no action would be taken on plaintiffs' motion for attorney's fees against Howes until a properly verified affidavit was filed in support of the motion. Judge Wiseman was apparently not informed of the magistrate's order, however, and on June 4, 1987, he entered an order granting plaintiffs' motion for attorney's fees. Plaintiffs' counsel had sought payment for 120.5 hours at a rate of $200 per hour. Judge Wiseman, in granting the motion reduced the hourly rate to $100 per hour and entered an award of $12,500. On July 6, 1987, Coastline filed a timely notice of appeal from this order still under the misapprehension that it was directed at them.
 
 
 6
 The existing confusion was compounded when plaintiffs filed the aforementioned affidavit on July 9, 1987. The affidavit included within its scope all billable hours chargeable for the entire litigation and not just those properly chargeable against Howes. A total of 138.75 hours was shown as opposed to the 120.5 referenced in the original motion. No separate motion for attorney's fees against Coastline was ever filed. On July 14, 1987, Coastline moved to strike the affidavit arguing that:
 
 
 7
 [D]efendant states that Plaintiffs' counsel has already been awarded a fee for services rendered to the Plaintiff in this action on or about June 4, 1987. Subsequent to entry of that order, movant filed a Notice of Appeal specifically upon the issue of attorney's fees on or about July 7, 1987. Therefore, Plaintiffs' counsel's affadavit [sic] and memorandum is not timely filed and is not well taken, and should be stricken from the record.
 
 
 8
 (App. Entry 15). On July 29, Judge Wiseman granted the motion to strike. Plaintiffs then filed a motion to reconsider on August 10, 1987. At some point in time Coastline apparently realized they were appealing an attorney's fees order not directed at them and moved to voluntarily dismiss the appeal which had been docketed in this court. The appeal was dismissed on September 21, 1987.
 
 
 9
 Subsequent to the dismissal of the appeal, Judge Wiseman granted the motion to reconsider and entered a new judgment awarding $12,500 in attorney's fees to plaintiffs' counsel and against both defendants, jointly and severally. Coastline then filed a timely appeal from this order.
 
 II.
 
 10
 Since the procedural history of this case is confusing, the parties devote a good portion of their briefs to trying to sort out what occurred in the district court. Perhaps, because of this, they have not addressed the issue which this court finds the most troubling, and which unfortunately will require us to remand this matter for a hearing.
 
 
 11
 When the default judgment was entered against Howes, the amount of the judgment was the exact dollar amount that plaintiffs claimed was owing from both defendants on their pendent breach of employment contract claim. The default judgment reflects no amount attributable to the Fair Labor Standards Act claim. In the Coastline trial, only the pendent state claims went to the jury and the jury found for Coastline, so Coastline has no liability on the breach of contract claim. Since Howes defaulted, there was no one really to challenge the attorney's fees claimed by plaintiffs pursuant to the default judgment entered against Howes. Thus, plaintiffs' counsel at that point in time was in the position of claiming that he expended 120.5 hours on the claim against Howes. Since no motion was ever filed for attorney's fees against Coastline, there is no way that plaintiffs' counsel has made any differentiation between the hours spent on the contract claim against Howes and on the Fair Labor Standard Act claim against Coastline. Perhaps, there is no differentiation to be made but the inconsistency between the two judgments dictates that an inquiry be made. We are not suggesting that where a party has more than one claim against a defendant and succeeds on some but not all of the claims that an exact accounting has to be made between the winning and losing claims. Here, however, Coastline won on the only claim that default judgment was entered on against Howes and to make Coastline jointly and severally liable for all hours expended may or may not be appropriate. We are unable to tell because no inquiry was ever made below.
 
 
 12
 Along these same lines there is yet another problem. Given the jury verdict on the employment contract claim, it may be that default judgment on the Howes' claim was improper.
 
 
 13
 When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.
 
 
 14
 Exquisite Form Industries, Inc. v. Exquisite Fabrics of London, 378 F.Supp. 403, 416 (1974) (footnote omitted).
 
 
 15
 The above rule of law has its origin in the seminal case of Frow v. De La Vega, 82 U.S. (1872). In discussing the problem with entering one default judgment in a case with more than one defendant, the Court stated:
 
 
 16
 If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.
 
 
 17
 Id., 82 U.S. at 554.
 
 
 18
 The Frow rule is a narrow one, however, and applies in general when the liability of the defendants is joint. Although Judge Wiseman made the defendants joint and severally liable on the attorney's fees award, we are unable to determine whether the defendant's liability on the employment contract claim was joint or several. If joint, then Frow, ancient though it be, still provides the proper mode of procedure.
 
 
 19
 The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.
 
 
 20
 Frow, 82 U.S. at 554.
 
 
 21
 In raising the issue, we realize that there has been no motion to set aside the default judgment. Nonetheless, the considerations implicated by the apparent inconsistency between the default judgment and the jury verdict require consideration of these issues when this attorney's fees award is revisited.
 
 
 22
 We do not fault the trial judge who was the victim rather than the cause of the confusion and it is indeed unfortunate that more time has to be spent on this matter.
 
 
 23
 The only further instruction that we give to the trial court is that no fees be awarded for the prosecution of this appeal for reasons that should be obvious.
 
 
 24
 REMANDED for the purpose of holding a hearing on the proper amount and division of attorney's fees.
 
 
 
 *
 Honorable Carl B. Rubin, Chief Judge, United States District Court, Southern District of Ohio, sitting by designation